## STATE v. RAMP SMITH.

(Filed 26 March, 1924.)

**1. Criminal Law—Deadly Weapon—Courts—Matters of Law—Questions for Jury.**

An instrument used in an assault which is likely to produce death or inflict great bodily harm upon the one assaulted, in the manner of its use, with regard to the condition of the one assaulted, may be held a deadly weapon, as a matter of law, and is not to be submitted to the jury as an issue of fact unless its use, under the circumstances, may or may not have been likely to produce fatal results.

**2. Same—Murder—Manslaughter—Instructions—Malice—Presumptions.**

Where the defendant was tried for murder in the second degree and convicted of manslaughter, or the unlawful killing of a human being without malice and without premeditation and deliberation, under evidence tending to show that he had struck on the head and killed the deceased with a baseball bat while engaged in a fight with him, an instruction that the law presumes malice from the use of a deadly weapon is not erroneous.

**3. Same—Self-defense—Excusable Homicide—Burden of Proof.**

Where it is admitted or established that the prisoner on trial for murder had killed the deceased with a deadly weapon, but without premedi-

STATE *v.* SMITH.

tation and deliberation, the law raises the presumption, first, that the killing was unlawful, and second, that it was done with malice, which is murder in the second degree; it then being for the prisoner to show to the satisfaction of the jury the facts that would reduce the crime from second-degree murder to manslaughter, or to justify himself upon the plea of self-defense.

APPEAL by defendant from *Calvert, J.,* at January Term, 1924, of PENDER.

Criminal prosecution, tried upon an indictment charging the defendant with murder in the second degree.

From a verdict of manslaughter, and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*H. McClammy and Emmett H. Bellamy for defendant.*

STACY, J. The defendant killed one J. O. Singleton by striking him on the head with a baseball bat. The two men had been engaged in a fight, and the defendant contended that he slew the deceased in his own proper self-defense. The jury convicted the defendant of manslaughter, which is the unlawful killing of a human being without malice and without premeditation and deliberation. *S. v. Baldwin,* 152 N. C., 822.

Any instrument which is likely to produce death or great bodily harm, under the circumstances of its use, is properly denominated a deadly weapon. *S. v. Craton,* 28 N. C., p. 179. The deadly character of the weapon depends sometimes more upon the manner of its use, and the condition of the person assaulted, than upon the intrinsic character of the weapon itself. *S. v. Archbell,* 139 N. C., 537; *S. v. Sinclair,* 120 N. C., 603; *S. v. Norwood,* 115 N. C., 789.

Where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly within the foregoing definition is one of law, and the Court must take the responsibility of so declaring. *S. v. Sinclair, supra.* But where it may or may not be likely to produce fatal results, according to the manner of its use, or the part of the body at which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury. *S. v. West,* 51 N. C., 505; *Krchnavy v. State,* 43 Neb., 337. A pistol or a gun is a deadly weapon (*S. v. Benson,* 183 N. C., 795); and we apprehend a baseball bat should be similarly denominated if viciously used, as under the circumstances of this case. *S. v. Brown,* 67 Iowa, 289; *Crow v. State,* 21 L. R. A. (N. S.), 497, and note.

The defendant claimed that he struck Singleton in self-defense; and appellant's chief exception is the one directed to the following portion of his Honor's charge: "The law presumes malice from the intentional slaying of a human being with a deadly weapon, and where the defendant admits the killing or the evidence satisfies the jury beyond a reasonable doubt that one has slain his fellow-man intentionally with a deadly weapon, the law imposes upon the defendant the burden of disproving malice, if the defendant would reduce the grade of the offense from murder to manslaughter. In other words, he must in such a case satisfy the jury, but not beyond a reasonable doubt, that the slaying was without malice, and if he would further entitle himself to a verdict of not guilty, the law imposes upon him the burden of excusing the killing upon the principle of self-defense."

We find no error in this instruction.

When it is admitted or established by evidence that the defendant killed the deceased with a deadly weapon, the law raises two presumptions against him: first, that the killing was unlawful, and second, that it was done with malice; and an unlawful killing with malice is murder in the second degree. *S. v. Fowler,* 151 N. C., 732.

The law then casts upon the defendant the burden of proving to the satisfaction of the jury, not by the greater weight of the evidence nor beyond a reasonable doubt, but simply to the satisfaction of the jury (*S. v. Carland,* 90 N. C., 675), the legal provocation that will rob the crime of malice and thus reduce it to manslaughter, or that will excuse it altogether upon the grounds of self-defense, accident or misadventure. *S. v. Little,* 178 N. C., 722.

The record presents no reversible error, and hence the verdict and judgment entered below must be upheld.

No error.