STATE OF NORTH CAROLINA v. LEE PARKER

No. 703SC38

(Filed 4 February 1970)

1. Assault and Battery § 14—   "serious injury"—sufficiency of evidence

In this prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the State's evidence *is held* sufficient for the jury on the question of serious injury where it tends to show that the prosecuting witness, a police officer, was stabbed with a steak knife in his neck and ear, that three stitches were taken in the neck wound, that his neck was sore and stiff for a week and a half, that he was absent from work four days during which he saw a doctor twice for the purpose

of dressing the wound, and that a knot requiring treatment by a doctor developed from the neck wound.

**2. Assault and Battery § 5—   assault with deadly weapon — offenses created by 1969 General Assembly**

The 1969 General Assembly created two new lesser offenses of the crime of assault with a deadly weapon with intent to kill inflicting serious injury, now G.S. 14-32(a), that of assault with a firearm or other deadly weapon *per se* in which serious injury is inflicted, G.S. 14-32(b), and that of assault with a firearm with intent to kill, G.S. 14-32(c).

**3. Assault and Battery § 5—   serious injury — facts of particular case**

Rule that whether serious injury has been inflicted must be determined according to the particular facts of each case applies to a prosecution under G.S. 14-32(b) for assault with a deadly weapon *per se* inflicting serious injury.

**4. Criminal Law § 132—   motion to set aside verdict as against greater weight of evidence**

A motion to set aside the verdict as being against the greater weight of the evidence is addressed to the discretion of the trial court, and its refusal to grant the motion is not reviewable on appeal.

**5. Assault and Battery § 15—   instructions — declaration that knife was deadly weapon per se**

The trial court did not err in instructing the jury that a steak knife allegedly used in assaulting a police officer was a deadly weapon *per se*, notwithstanding there was no verbal description of the knife, where the knife was offered in evidence and displayed to the judge and jury, and examination of the knife by the Court of Appeals reveals that it has a sharp, sawtooth blade approximately four and one-half inches long with a keen point.

**6. Assault and Battery § 16—   assault with deadly weapon — failure to submit simple assault**

In this prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in failing to charge on the lesser offense of simple assault, there being no evidence of such offense.

APPEAL by defendant from *Fountain, J.,* 18 August 1969 Criminal Session, PITT Superior Court.

The bill of indictment returned against defendant charged that on 26 July 1969 Lee Parker did unlawfully, wilfully and feloniously assault Lt. W. M. Carr with a certain deadly weapon, to wit: a steak knife, with the felonious intent to kill and murder the said W. M. Carr, inflicting serious injuries, not resulting in death, upon the said W. M. Carr, to wit: stab wound in neck and left ear.

The State's evidence tended to show: Pursuant to several telephone calls received from defendant around 2:00 a.m. on 26 July

1969 complaining about a group of people who had caused trouble at a night club, the dispatcher at the Greenville Police Department gave the information to Lt. W. M. Carr and asked him to investigate. Accompanied by Officer Crandall, Lt. Carr went to the address given the dispatcher by defendant. The officer went to the door and knocked, after which a lady came to the door. Crandall asked for Lee Parker and while talking to the lady, defendant came through the doorway by the lady and attacked Lt. Carr with a "steak" knife. Further evidence pertinent to this appeal appears in the opinion.

The jury returned a verdict of guilty of assault with a deadly weapon *per se*, inflicting serious bodily injuries, and defendant was given an active prison sentence of not less than three nor more than five years, from which he appealed.

*Attorney General Robert Morgan and Staff Attorney L. Philip Covington for the State.*

*John H. Harmon for defendant appellant.*

BRITT, J.

[1]  Defendant first assigns as error the failure of the trial court to grant his motion for nonsuit and his motion to set the verdict aside as being against the weight of the evidence. On this assignment defendant argues that the evidence was insufficient to support the verdict for that there was no substantial evidence that any injuries allegedly received by Lt. Carr were of a serious nature.

Regarding his injuries, Lt. Carr testified: While he and defendant were tussling, he (Lt. Carr) was stabbed in his neck and ear. When he (Lt. Carr) arose from the ground, blood rushed to his glasses. Following the altercation he went to the hospital emergency room where Dr. Tayloe treated him, taking three stitches in the neck wound and administering a tetanus shot. Lt. Carr spent some two and one-half hours at the hospital after which he went home and to bed. The next morning he was sore and stiff and had to have assistance in getting off the bed. The soreness lasted approximately a week and a half; he was absent from work four days during which time he saw the doctor twice for purpose of dressing the wound, and the stitches remained in his neck six days. From his neck wound he developed a knot which was treated by Dr. Mack Andrews.

[2]  G.S. 14-32 was rewritten by the 1969 General Assembly, the rewrite becoming effective 27 May 1969. Under the 1969 rewrite, the offense theretofore envisioned by G.S. 14-32 is codified as G.S.

14-32(a); G.S. 14-32(b) creates a new lesser offense of G.S. 14-32(a), that of assault with a firearm or other deadly weapon *per se* in which serious injury is inflicted; and G.S. 14-32(c) creates another new lesser offense of G.S. 14-32(a), that of assault with a firearm with intent to kill. All three offenses are declared to be felonies and punishment for violation of G.S. 14-32(a) is as provided by G.S. 14-2 as follows: by fine, by imprisonment for a term not exceeding ten years, or by both, in the discretion of the court; violation of G.S. 14-32(b) or G.S. 14-32(c) is punishable by a fine or imprisonment for not more than five years, or both such fine and imprisonment.

**[3]**   In *State v. Jones*, 258 N.C. 89, 128 S.E. 2d 1, defendant was indicted for and found guilty of the offense provided by then G.S. 14-32. On the question of serious injury, the court said:

> "* * * The term 'inflicts serious injury' means physical or bodily injury resulting from an assault with a deadly weapon with intent to kill. The injury must be serious but it must fall short of causing death. Further definition seems neither wise nor desirable. *Whether such serious injury has been inflicted must be determined according to the particular facts of each case.*" (Emphasis added.)

The foregoing was quoted with approval in *State v. Ferguson*, 261 N.C. 558, at p. 560, 135 S.E. 2d 626. We hold that the rule declared by the court in *Jones* and *Ferguson* pertaining to serious injury under G.S. 14-32 as then written also applies to G.S. 14-32(b) as now written, and the evidence in the case at bar was sufficient to go to the jury on the question of serious injury.

**[4]**   Regarding defendant's motion to set aside the verdict as being against the weight of the evidence, it is well settled in this jurisdiction that such motion is addressed to the discretion of the trial court and its refusal to grant the motion is not reviewable on appeal. 3 Strong, N.C. Index 2d, Criminal Law, § 132, pp. 55-56.

The first assignment of error is overruled.

**[5]**   Defendant's second, third and fourth assignments of error relate to the trial court's charge to the jury on the question of deadly weapon. He contends that the court committed prejudicial and reversible error in charging the jury (1) that the knife offered in evidence was, as a matter of law, a deadly weapon when used as a knife, (2) that said knife was a deadly weapon *per se*, and (3) that if the State had satisfied the jury from the evidence and beyond a reasonable doubt that defendant assaulted Lt. Carr with the steak

knife offered in evidence and that he inflicted serious injury, the jury might return a verdict of guilty of assault with a deadly weapon *per se* inflicting serious injury.

Defendant contends that because there was no verbal description of the knife which was offered in evidence that the trial judge had no basis upon which he could declare as a matter of law that the steak knife was a deadly weapon *per se*. Although it is generally desirable that an adequate verbal description of a weapon be set out in the record, in this case the steak knife was offered in evidence and displayed to the trial judge and the jury who were therefore in position to determine for themselves an adequate description of the knife; in addition, the knife is before this Court as an exhibit and we, also, can see that it has a sharp, sawtooth blade approximately four and one-half inches long with a keen point and a handle approximately four inches long. Lt. Carr testified: He and Officer Crandall went to the house where defendant was and Crandall knocked on the door. A lady came to the door and as she opened it defendant came out through the door by her and Crandall and up to Lt. Carr. Defendant obtained the knife from his shirt and began "tussling" with Lt. Carr, after which defendant and Lt. Carr fell off the porch onto the ground, during which time Lt. Carr was cut. Officer Crandall testified: Defendant came out of the house and attacked Lt. Carr. The two of them fell to the ground, after which defendant was on Lt. Carr's back, Carr's face being toward the ground. Defendant had the knife in his right hand and was trying to cut Lt. Carr's neck. When defendant first came out of the house, he stated he was going to kill the white S. O. B. While defendant and Lt. Carr were on the ground, Crandall sprayed mace in defendant's face, after which he jumped up, wiped his face and ran into the house.

In *State v. Smith*, 187 N.C. 469, 121 S.E. 737, defendant was charged with murder, having struck the deceased on his head with a baseball bat. In an opinion by Stacy, C.J., the court said:

> "Any instrument which is likely to produce death or great bodily harm, under the circumstances of its use, is properly denominated a deadly weapon. *S. v. Craton*, 28 N.C., p. 179. The deadly character of the weapon depends sometimes more upon the manner of its use, and the condition of the person assaulted, than upon the intrinsic character of the weapon itself. *S. v. Archbell*, 139 N.C., 537; *S. v: Sinclair*, 120 N.C., 603; *S. v. Norwood*, 115 N.C., 789.
>
> Where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the ques-

tion as to whether or not it is deadly within the foregoing definition is one of law, and the Court must take the responsibility of so declaring. *S. v. Sinclair, supra.* But where it may or may not be likely to produce fatal results, according to the manner of its use, or the part of the body at which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury. *S. v. West,* 51 N.C., 505; *Krchnavy v. State,* 43 Neb., 337. A pistol or a gun is a deadly weapon (*S. v. Benson,* 183 N.C., 795); and we apprehend a baseball bat should be similarly denominated if viciously used, as under the circumstances of this case. *S. v. Brown,* 67 Iowa, 289; *Crow v. State,* 21 L.R.A. (N.S.), 497, and note."

See also *State v. Watkins,* 200 N.C. 692, 158 S.E. 393, and *State v. Perry,* 226 N.C. 530, 39 S.E. 2d 460.

[5]     We hold that under the evidence in the case at bar the trial court did not err in declaring the "steak" knife introduced in evidence a deadly weapon *per se* and in its other instructions to the jury above mentioned. The assignments of error are overruled.

[6]     Finally, defendant contends the trial court erred in failing to charge the jury that they might find the defendant guilty or innocent of the lesser offense of simple assault, as provided by G.S. 15-170. In *State v. Bailey,* 4 N.C. App. 407, 167 S.E. 2d 24, this Court said:

> "* * * It is * * * true that under G.S. 15-170 a defendant in a criminal action 'may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime.' However, '(t)he necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. * * *'"

In the instant case, there was no evidence of simple assault, hence the court did not err in failing to charge on that lesser offense. The assignment of error is overruled.

The defendant received a fair trial in which we find

No error.

BROCK and GRAHAM, JJ., concur.