STATE OF NORTH CAROLINA v. THOMAS HOWELL BUCHANAN

No. 7529SC695

(Filed 17 December 1975)

**Assault and Battery § 15— instructions — nightstick as deadly weapon**
    In a prosecution for assault with a deadly weapon, a policeman's nightstick, with intent to kill inflicting serious injury, the trial court erred in giving the jury an instruction which removed from the jury's consideration the question of whether the nightstick was a deadly weapon and which amounted to a declaration by the court that the nightstick was a deadly weapon as a matter of law.

APPEAL by defendant from *Friday, Judge.* Judgment entered 7 January 1975 in Superior Court, McDOWELL County. Heard in the Court of Appeals 21 November 1975.

The defendant, Thomas Howell Buchanan, was charged in a bill of indictment, proper in form, with assaulting Officer Tommy M. Bryant with a deadly weapon, to wit a "nightstick," with intent to kill inflicting serious injury. ·

Upon the defendant's plea of not guilty, the State offered evidence tending to show the following:

Officer Tommy M. Bryant, with the Marion Police Department, was on duty in the early morning hours of 16 October 1974, when he stopped defendant's van on a routine check at about 1:15 a.m. As Officer Bryant got out of his car, he was cursed and assaulted by the defendant who struck Bryant with his fist. A scuffle ensued, and the defendant grabbed Bryant's nightstick out of the ring on his belt and hit Bryant several times over the head and across the chest. The defendant threatened to kill Bryant and as they were scuffling for Bryant's pistol, Officer Jack D. Causby arrived and apprehended the

defendant. As a result of the assault, Bryant received a cut over his eye and a four-inch cut on the top of his head which required hospitalization for treatment.

The defendant testified that when he was stopped he got out of his van, and as he walked toward Bryant he said: "[W]hat in the hell are you stopping me for again." Bryant did not answer but went for his nightstick. The defendant then hit Bryant with his fist, knocking him down, because the defendant said he "knew [Bryant] was going to hit [him]. . . ." As they scuffled, the defendant took the nightstick away from Bryant and hit him with it. They then agreed to separate; but as they separated, Bryant went for his pistol and the defendant grabbed him again. As they wrestled on the ground, Officer Causby intervened and broke up the fight.

From a verdict of guilty of assault with a deadly weapon inflicting serious injury and a judgment imposing a prison sentence of twenty-four to forty-eight months, defendant appealed.

*Attorney General Edmisten by Associate Attorney Milton E. Ragland, Jr., for the State.*

*Swain and Leake, by Robert S. Swain and Joel Stevenson for defendant appellant.*

HEDRICK, Judge.

Defendant excepted to and assigns as error the following portion of the court's final mandate to the jury:

"Now, members of the jury, in connection with the second issue, you will recall the definitions which the court earlier gave to you on assault with a deadly weapon and so forth. So the court instructs you that if you find from the evidence and beyond a reasonable doubt that the defendant, Thomas Howell Buchanan, on or about this 16th day of October, 1974, did hit the prosecuting witness, Thomas M. Bryant, with this night stick, as alleged in the bill of indictment, and that as a result thereof, the proximate result thereof, the defendant inflicted serious injuries on the person of the said Thomas M. Bryant, not resulting in his death, then you so being satisfied of these elements beyond a reasonable doubt, would return a verdict of guilty of assault with a deadly weapon inflicting serious bodily

injury and you would return your verdict into open court in those words, that is 'guilty as to the second issue,' submitted to you."

Defendant argues that the foregoing instruction is erroneous and prejudicial because it invades the province of the jury to determine whether the nightstick used by the defendant was a "deadly weapon," and that the judge violated G.S. 1-180 by clearly expressing an opinion that the nightstick was in fact a deadly weapon. The State, citing *State v. Smith,* 187 N.C. 469, 121 S.E. 737 (1924), and *State v. Parker,* 7 N.C. App. 191, 171 S.E. 2d 665 (1970), argues that since the court could declare the nightstick in question to be a deadly weapon as a matter of law, the instruction complained of was not error.

In *State v. Parker, supra,* citing *State v. Smith, supra,* this court held that the trial court did not err in declaring as a matter of law that a steak knife with "a sharp, sawtooth blade approximately four and one-half inches long with a keen point and a handle approximately four inches long," when used as a knife was a deadly weapon *per se.*

In *State v. Smith, supra,* at 470, our Supreme Court said:

"Any instrument which is likely to produce death or great bodily harm, under the circumstances of its use, is properly denominated a deadly weapon. *S. v. Craton,* 28 N.C., p. 179. The deadly character of the weapon depends sometimes more upon the manner of its use, and the condition of the person assaulted, than upon the intrinsic character of the weapon itself. *S. v. Archbell,* 139 N.C., 537; *S. v. Sinclair,* 120 N.C., 603; *S. v. Norwood,* 115 N.C., 789.

Where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly within the foregoing definition is one of law, and the Court must take the responsibility of so declaring. *S. v. Sinclair, supra.* But where it may or may not be likely to produce fatal results, according to the manner of its use, or the part of the body at which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury. *S. v. West,* 51 N.C., 505; *Krchnavy v. State,* 43 Neb., 337."

The bill of indictment charges the defendant with a felonious assault with a deadly weapon "to wit a night stick."

Throughout the evidence the weapon is referred to as a night-stick, and in the testimony of the defendant's wife a "billy stick." Although the alleged deadly weapon was introduced into evidence, there is no verbal description in the record of its length, breadth, and weight, nor was it sent up to this court as an exhibit as in the case of *Parker, supra*. Apparently, the trial judge felt that the question of whether the nightstick was a deadly weapon was a fact to be determined by the jury, for he instructed the jury, after defining a deadly weapon, that "the alleged deadly character of the weapon is one of fact to be determined by you, the jury, so it is for you to say, members of the jury, whether the night stick used under the circumstances of its use was a deadly weapon. . . ."

We agree with the defendant that the instruction challenged by this assignment of error removed from the jury's consideration the question of whether the nightstick was a deadly weapon and amounted to a declaration by the court that the nightstick was a deadly weapon as a matter of law. Under the circumstances here presented, we cannot say that "the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion. . . ." *Smith, supra*.

For the reasons stated, the defendant is entitled to a new trial.

New trial.

Judges PARKER and ARNOLD concur.