STATE OF NORTH CAROLINA v. WALTER CARNELL MULLEN

No. 801SC93

(Filed 15 July 1980)

**Robbery § 5.2– nun-chuckas as dangerous weapon per se – erroneous instruction**

The trial court in a prosecution for attempted armed robbery erred in instructing the jury that nun-chuckas allegedly used by defendant would be a dangerous weapon where the State presented evidence that nun-chuckas are two sticks joined by a chain; the victim testified that the sticks were 12 inches long and the chain perhaps 12 inches long; a policeman testified that nun-chuckas are eight to ten inch sticks connected by a six inch chain; no evidence was presented as to the weight or circumference of the sticks or chain; and the sticks and chain were not introduced into evidence.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 7 November 1979 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 3 June 1980.

Defendant was indicted for attempted armed robbery. The State presented evidence that at about 12:45 a.m. on 14 September 1979, Sheila Simpson went to pick up her brother Shelton Spence at the Sonic Drive-In where he worked as night manager. The business was closed and she stopped at the front door with her lights on and engine running. She saw defendant crouched outside the building, near the front door where Spence usually came out. This time Spence came out the back door of the business, carrying the day's receipts in an attache case as he usually did, and ran toward the car. Defendant ran behind Spence and began hitting him about the head and arm with "two sticks with a chain, nun-chuckas," using "tremendous force." Spence threw the attache case into the car and Simpson tried to sit on it. Defendant leaned into the car and tried to get the attache case from her. Simpson had known defendant in school, and she tried to talk him out of what he was doing. Defendant then "back[ed] up and ran" and jumped over a fence behind the place of business.

Defendant presented alibi and reputation evidence and denied that he had tried to rob the Sonic Drive-In. The jury returned a verdict of guilty of attempted armed robbery with a dangerous weapon, and defendant was sentenced to 12-15 years. He appeals.

*Attorney General Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*White, Hall, Mullen, Brumsey & Small, by G. Elvin Small III, for defendant appellant.*

ARNOLD, Judge.

One of the essential elements of attempted armed robbery under G.S. 14-87(a) is the use of a "dangerous weapon . . . whereby the life of a person is endangered or threatened." In the present case the trial court charged the jury that "nunchuckas, such as has been described in the evidence that has been used in this case would be a dangerous weapon," and defendant assigns error on the ground that the nun-chuckas were not a dangerous weapon *per se.*

We are compelled to find that defendant is correct. The State presented evidence that nun-chuckas are two sticks joined by a chain. Spence, the victim, testified that the sticks were 12 inches long and the chain perhaps 12 inches long. Ralph Williamson, an Elizabeth City policeman, testified that nun-chuckas are "eight to ten inch sticks connected by a six inch chain." No evidence was presented as to the weight or circumference of the sticks or chains, and they were not introduced into evidence. Our courts have held that assault with a deadly weapon is a lesser included offense in armed robbery, *State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971), so a "deadly" weapon is synonymous with a "dangerous" one, and cases addressing the question of whether a particular weapon was deadly *per se* are pertinent to the question now before us.

We find a close analogy to the present situation in the case of *State v. Buchanan,* 28 N.C. App. 163, 220 S.E. 2d 207 (1975), *cert. denied* 289 N.C. 452, 223 S.E. 2d 161 (1976). There the defendant was charged with assault with a deadly weapon, a policeman's nightstick, with intent to kill inflicting serious injury. No verbal description of the nightstick was given in the record, nor was the nightstick included as an exhibit on appeal. We awarded the defendant a new trial for the court's error in removing from the jury the question of whether the nightstick was a deadly

weapon. Here, as in *Buchanan,* neither the meager description of the weapon nor the manner of its use is sufficient to permit the court to say as a matter of law that these nun-chuckas were a dangerous weapon within the meaning of the statute. For error in the charge to the jury, defendant is entitled to a new trial.

It follows from our ruling on this question that the trial court also erred in failing to charge the jury on the lesser included offense of attempted common law robbery, since if the jury were to find that the nun-chuckas were not a dangerous weapon, upon the evidence here they could find defendant guilty of attempted common law robbery. *See State v. Bailey,* 278 N.C. 80, 178 S.E. 2d 809 (1971), *cert. denied* 409 U.S. 948, 34 L.Ed. 2d 218, 93 S.Ct. 293 (1972). However, there is no evidence to support an instruction on assault with a deadly weapon or simple assault. All the State's evidence tended to show an attempted robbery rather than an assault. *See State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954) (The court should charge on a lesser included offense only when there is evidence of that offense. The contention that the jury might accept the State's evidence in part and reject it in part is not sufficient.).

Defendant's argument that he was entitled to a judgment as of nonsuit is without merit.

New trial.

Judges MARTIN (Robert M.) and HILL concur.