STATE OF NORTH CAROLINA v. TONEY (SIC) WIGGINS

No. 857SC393

(Filed 17 December 1985)

1. **Robbery § 5.2— instructions—box cutter as deadly weapon per se**

   The trial court did not err by instructing the jury that the box cutter used in a robbery was a deadly weapon *per se* despite the absence of a verbal description of the weapon where the cutter itself was admitted into evidence, and an examination of the knife by the appellate court reveals that it had an exposed, sharply pointed razor blade clearly capable of producing death or great bodily harm.

2. **Robbery § 4.3— use of deadly weapon per se—presumption victim's life endangered**

   Where defendant committed a robbery by use of a box cutter which constituted a deadly weapon *per se*, there is a mandatory presumption that the victim's life was in fact endangered or threatened.

**3. Robbery § 5.4— armed robbery—instruction on common law robbery not required**

The trial court in an armed robbery case did not err in failing to instruct on common law robbery where the uncontradicted evidence showed that defendant perpetrated the robbery with the threatened use of a dangerous weapon held a couple of inches from the victim's side.

APPEAL by defendant from *Brown, Frank R., Judge*. Judgment entered 1 August 1984 in Superior Court, WILSON County. Heard in the Court of Appeals 18 October 1985.

Defendant was tried for armed robbery. The State's evidence, in pertinent part, showed that defendant entered Turner's Mini Mart in Wilson, approached the cashier, held a box cutter a couple of inches from her side, told her to open the cash register, removed the money from the register and departed.

The jury returned a verdict of guilty. Defendant appeals from a judgment of imprisonment.

*Attorney General Thornburg, by Assistant Attorney General John F. Maddrey, for the State.*

*Fitch and Butterfield, by James A. Wynn, Jr., for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred by instructing that the box cutter used in the robbery was a dangerous weapon *per se*. He argues that whether the weapon was dangerous was for the jury to determine. We disagree.

Since a dangerous weapon is synonymous with a deadly one, cases resolving whether a particular weapon was deadly *per se* are relevant. *State v. Mullen*, 47 N.C. App. 667, 668, 267 S.E. 2d 564, 565, *disc. rev. denied*, 301 N.C. 103, 273 S.E. 2d 308 (1980). A dangerous or deadly weapon "is generally defined as any article, instrument or substance which is likely to produce death or great bodily harm." *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E. 2d 719, 725 (1981).

> Where the alleged [dangerous] weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether . . . it is [dangerous] within the

foregoing definition is one of law, and the [c]ourt must take the responsibility of so declaring.

*State v. Buchanan*, 28 N.C. App. 163, 165, 220 S.E. 2d 207, 208-09 (1975), *disc. rev. denied*, 289 N.C. 452, 223 S.E. 2d 161 (1976), *quoting State v. Smith*, 187 N.C. 469, 121 S.E. 737 (1924). *See also State v. Carson*, 296 N.C. 31, 46, 249 S.E. 2d 417, 426 (1978).

Here, while no detailed verbal description of the box cutter was offered, the court admitted the weapon itself into evidence. While a verbal description supplemental to introduction of the weapon would have been preferable, its omission was not fatal. In *State v. Parker*, 7 N.C. App. 191, 171 S.E. 2d 665 (1970), this Court held that the trial court did not err in declaring a steak knife a deadly weapon *per se* despite absence of a verbal description. Here, as in *Parker*, the weapon was admitted into evidence, thereby enabling the court "to determine for [itself] an adequate description." 7 N.C. App. at 195, 171 S.E. 2d at 667.

Pursuant to N.C. R. App. P. 9(b)(5), we have ordered the box cutter "sent up and added to the record on appeal." The cutter has an exposed, sharply pointed razor blade clearly capable of producing death or great bodily harm. The victim testified that defendant held the cutter a couple of inches from her side as he instructed her to open the cash register. From that position a slight movement of defendant's hand in the direction of the victim's side clearly could have resulted in death or great bodily harm. Accordingly, as in *Parker, supra*, we hold that the court did not err by instructing that the weapon was dangerous *per se*.

[2] Defendant contends the court erred by denying his motion to dismiss because of insufficient evidence that he used a dangerous weapon to endanger or threaten the life of the victim. We disagree.

Upon a motion to dismiss in a criminal action the court must consider the evidence "in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom." *State v. Brown*, 310 N.C. 563, 566, 313 S.E. 2d 585, 587 (1984). The court "must decide whether there is substantial evidence of each element of the offense charged." *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Defendant correctly asserts that the determinative question is "whether there was evidence sufficient to support a jury finding that [the victim's] life was *in fact* endangered or threatened by defendant's possession, use or threatened use of the [box cutter]." *State v. Moore*, 279 N.C. 455, 459, 183 S.E. 2d 546, 548 (1971). He maintains that such evidence was not presented. No evidence was offered, however, suggesting that the box cutter was anything but a dangerous weapon. As held above, the court properly declared it a dangerous weapon *per se*. Since defendant used a dangerous weapon, there is a mandatory presumption that the victim's life was *in fact* endangered or threatened.

> When a person commits a robbery by the use or threatened use of an implement which appears to be a firearm or other dangerous weapon, *the law presumes*, in the absence of any evidence to the contrary, that the instrument is what his conduct represents it to be — an implement endangering or threatening the life of the person being robbed. [Citations omitted.] Thus, where there is evidence that a defendant has committed a robbery with what appears to the victim to be a firearm or other dangerous weapon *and nothing to the contrary appears in evidence*, the presumption that the victim's life was endangered or threatened is mandatory.

*State v. Joyner*, 312 N.C. 779, 782, 324 S.E. 2d 841, 844 (1985). We thus hold that the court properly denied the motion to dismiss.

**[3]** Defendant contends the court erred by failing to instruct on common law robbery. We disagree.

> "The essential difference between armed robbery and common law robbery is that the former is accomplished by the use or threatened use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened. . . . In a prosecution for armed robbery the court is not required to submit the lesser included offense of common law robbery unless there is evidence of defendant's guilt of that crime. If the State's evidence shows an armed robbery as charged in the indictment and there is no conflicting evidence *relating to the elements* of the crime charged an instruction on common law robbery is not required. (Citations omitted.)"

*State v. Harris*, 67 N.C. App. 97, 101, 312 S.E. 2d 541, 543, *disc. rev. denied*, 311 N.C. 307, 317 S.E. 2d 905 (1984), *quoting State v.*

*Lee,* 282 N.C. 566, 569-70, 193 S.E. 2d 705, 707 (1973). The evidence here shows that defendant perpetrated the robbery with the threatened use of a dangerous weapon held a couple of inches from the victim's side. There is no conflicting evidence relating to the elements of the crime. *Cf. State v. Smallwood,* 78 N.C. App. 365, 337 S.E. 2d 143 (1985) (evidence conflicted as to whether defendant held knife, which was neither described nor offered in evidence, by his side or at victim's throat; instruction on common law robbery held required). If the deadly or dangerous nature of the box cutter were a jury question, defendant would be entitled to an instruction on common law robbery. *State v. Mullen,* 47 N.C. App. 667, 669, 267 S.E. 2d 564, 565, *disc. rev. denied,* 301 N.C. 103, 273 S.E. 2d 808 (1980). We have held herein, however, that the court properly declared the weapon dangerous as a matter of law. Accordingly, it did not err in failing to instruct on common law robbery.

No error.

Judges EAGLES and COZORT concur.