STATE OF NORTH CAROLINA v. DANIEL EUGENE PRATT, Defendant

No. COA02-1364

(Filed 4 November 2003)

**1. Constitutional Law— effective assistance of counsel—failure to move to dismiss**

The failure to request dismissal of an armed robbery charge was not ineffective assistance of counsel where defendant was unable to show that the request would have brought a different result. There was sufficient evidence to support a finding that defendant used a boxcutter, even though he denied it, and he admitted committing common law robbery. Although the victim testified that he did not feel that his life was threatened, that testimony merely rebuts the presumption that his life was threatened (which rose from the use of a dangerous weapon) and leaves the dangerous character of the weapon to the jury.

**2. Constitutional Law— effective assistance of counsel—failure to request instruction—inconsistent statements by victim**

The failure to request an instruction on inconsistent statements by an armed robbery victim was not an ineffective assistance of counsel that prejudiced defendant. The trial court questioned the victim and an officer about the inconsistent statements, and instructed the jurors that they could consider inconsistent statements when determining a witness's credibility. The suggested instructions would have added little.

Appeal by defendant from judgment entered 6 September 2001 by Judge Judson D. DeRamus, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 20 August 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Mary Penny Thompson, for the State.*

*Brian Michael Aus for defendant appellant.*

**STATE v. PRATT**

[161 N.C. App. 161 (2003)]

TIMMONS-GOODSON, Judge.

Daniel Eugene Pratt ("defendant") appeals his conviction of robbery with a dangerous weapon. For the reasons stated herein, we hold that defendant received a trial free of prejudicial error.

The pertinent facts of the instant appeal are as follows. At approximately 5:00 p.m. on or about 14 March 2001, while Travis Lawrence ("Lawrence") waited for a church bus on Lansing Drive in Winston-Salem, North Carolina, defendant approached and asked Lawrence for his cell phone. Lawrence refused. Defendant then pulled a toboggan over his face and said, "This is a robbery." Defendant "pulled [the hat] back up" and informed Lawrence that he was "just kidding." Thereafter, defendant grabbed Lawrence and placed him in a headlock. Lawrence testified that while he was in the headlock, defendant removed twenty dollars ($20.00) from his wallet. Lawrence further testified that he was subsequently released from defendant's grasp and walked away from defendant.

Approaching Lawrence from the rear, defendant assaulted Lawrence a second time. Defendant grabbed Lawrence's neck and took his "necklace." Lawrence attempted to remove defendant's hand, but in doing so cut his hand on an object defendant held against his neck. Lawrence testified that the object appeared to be a box cutter.

Lawrence subsequently contacted the police to file a report. Officer D.P. McClure responded to the call and testified at trial that Lawrence's initial report was "a little different" than his testimony. While Lawrence testified at trial that defendant removed money from his wallet before defendant took his "necklace," Officer McClure testified that Lawrence initially reported that defendant removed the money after taking the "necklace."

At trial defendant admitted that his actions constituted common law robbery, but denied that he was armed with a box cutter during the commission of the offense. At the close of the evidence, counsel for defendant did not challenge the sufficiency of the evidence nor request a specific instruction on Lawrence's inconsistent statements. The jury found defendant guilty of robbery with a dangerous weapon.

---

The issue presented by this appeal is whether defendant was denied effective assistance of counsel when his counsel failed to (1) move the trial court to dismiss the charge of robbery with a danger-

ous weapon; and, (2) request a jury instruction regarding Lawrence's inconsistent statements.

A successful ineffective assistance of counsel claim requires the satisfaction of a two-prong test. *State v. Gainey*, 355 N.C. 73, 112, 558 S.E.2d 463, 488 (2002). The defendant must first show that counsel's performance fell below an "objective standard of reasonableness." *Gainey*, 355 N.C. at 112, 558 S.E.2d at 488. Second, the defendant must also show that the error committed was so egregious that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698 (1984). Relief should be granted only when counsel's assistance is so lacking that the trial becomes a "farce and mockery of justice." *State v. Montford*, 137 N.C. App. 495, 502, 529 S.E.2d 247, 252 (2000) (quoting *State v. Pennell*, 54 N.C. App. 252, 261, 283 S.E.2d 397, 403 (1981)).

[1] Defendant first argues that he was denied effective assistance of counsel by his counsel's failure to move the court to dismiss the charge of robbery with a dangerous weapon. Defendant asserts that there was insufficient evidence to support the charge. We disagree.

When ruling on a motion to dismiss for insufficiency of the evidence, the trial court must consider the evidence in the light most favorable to the nonmoving party. *See State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). Therefore, a trial court must deny a motion to dismiss if there is substantial evidence, either direct or circumstantial, that the defendant committed the offense charged. *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988). Substantial evidence must not be speculative, but must amount to enough evidence that a "reasonable mind might accept [it] as adequate to support a conclusion." *See State v. Alexander*, 337 N.C. 182, 187, 446 S.E.2d 83, 86 (1994). The State must provide substantial evidence in support of all of the elements of the crime charged. *See Alexander*, 337 N.C. at 187, 446 S.E.2d at 86.

For the offense of robbery with a dangerous weapon, the State must prove "(1) the unlawful taking or attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." *State v. Wiggins*, 334 N.C. 18, 35, 431 S.E.2d 755, 765 (1993). Defendant admitted that he committed common law robbery, but argues that there is insufficient evidence to support the elements of armed robbery that require

use or threatened use of a dangerous weapon and endangerment or threatened endangerment of life as a result. We disagree.

Here, Lawrence described in his testimony that he saw an object that he said appeared to be a box cutter and he presented the police with injuries that he alleged were caused by the box cutter. The evidence taken in the light most favorable to the State clearly supports a finding that a reasonable mind might accept as adequate evidence that the defendant used a box cutter during the robbery. *See Wiggins*, 334 N.C. at 35, 431 S.E.2d at 765.

North Carolina has recognized box cutters to be dangerous weapons as a matter of law. *State v. Wiggins*, 78 N.C. App. 405, 337 S.E.2d 198 (1985); *State v. Torain*, 316 N.C. 111, 120, 340 S.E.2d 465, 471 (1986). When a dangerous weapon is used in a robbery, the law presumes that the victim's life was threatened. *Wiggins*, 78 N.C. App. at 408, 337 S.E.2d at 199-200. Here, because there is enough evidence from which the jury could find that a box cutter was used in the robbery, and that the box cutter was a dangerous weapon, the trial court could have properly presumed that Lawrence's life was endangered. *See Wiggins*, 78 N.C. App. at 408, 337 S.E.2d at 199-200.

Defendant argues that Lawrence's testimony that he did not feel his life was threatened effectively rebuts the presumption that his life was in fact threatened. *See Wiggins*, 78 N.C. App. at 408, 337 S.E.2d at 199-200. Although the presumption is rebuttable, defendant is in no better position because having rebutted the presumption, the dangerous character of the weapon then becomes a fact to be determined by the jury. *See State v. Joyner*, 295 N.C. 55, 64-65, 243 S.E.2d 367, 373 (1978). Defendant's conviction of robbery with a dangerous weapon indicates that although Lawrence did not believe his life was threatened, the jury found to the contrary.

Defendant is unable to demonstrate that his counsel's failure to move to dismiss after the close of the State's evidence was so egregious that the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698. The defendant admitted to the first element of robbery with a dangerous weapon and the State provided sufficient evidence concerning the remaining elements. For the reasons stated above, we conclude that the failure of counsel to request dismissal of the charge of robbery with a dangerous weapon is insufficient to support a claim of ineffective assistance of counsel.

STATE v. PRATT

[161 N.C. App. 161 (2003)]

**[2]** Defendant next argues that the failure of trial counsel to request a jury instruction on Lawrence's inconsistent statements violated the objectively reasonable standard under *Strickland* and prejudiced defendant as a result. *See Strickland*, 466 U.S. 668, 80 L. Ed. 2d 674.

A successful ineffective assistance of counsel claim based on a failure to request a jury instruction requires the defendant to prove that without the requested jury instruction there was plain error in the charge. *State v. Swann*, 322 N.C. 666, 688, 370 S.E.2d 533, 545 (1988). Plain error is defined as " 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused.' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983); (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (emphasis and citations omitted)). To determine whether it was plain error for trial counsel to fail to request a jury instruction regarding inconsistent statements, this Court may look to whether trial counsel questioned the witnesses about said statements and whether the trial court provided instructions on witness credibility. *See Swann*, 322 N.C. at 681, 688, 370 S.E.2d at 541, 545.

In the case *sub judice*, trial counsel questioned both Lawrence and Officer McClure about the alleged inconsistent statements. The trial court also instructed the jurors that they may take inconsistent statements into consideration when determining witness credibility. Thus, because "the suggested instructions would have added little to the jury's awareness of the importance of deciding whom to believe," we reject defendant's argument that the failure of trial counsel to request a jury instruction on inconsistent statements prejudiced defendant. *Id.* We are unable to conclude that defendant was denied effective assistance of counsel on his jury instruction claim.

Accordingly, we uphold defendant's conviction for robbery with a dangerous weapon.

No Error.

Judges HUNTER and ELMORE concur.