STATE OF NORTH CAROLINA v. STEVEN LEE BATCHELOR, DEFENDANT

No. COA04-125

(Filed 4 January 2005)

**1. Assault— on government official—car used as deadly weapon—lesser charge not submitted**

The trial court did not err by refusing to submit the charge of assault on a government official (a misdemeanor) as a lesser offense to assault on a government official with a deadly weapon (a felony). The only additional element required for the felony is use of a deadly weapon, and the evidence showed that defendant drove his car directly toward a deputy standing in defendant's driveway, and then drove at high speed directly at two officers' vehicles in their lane of travel, finally crashing into a third officer's car. The key element in determining whether a weapon is deadly per se is how it is used; here the evidence leads to but one conclusion.

**2. Assault— on government official—sufficiency of evidence—knowledge that officer was government official**

The trial court did not err by denying a motion to dismiss charges of assault on a government official with a deadly weapon where defendant contended that there was insufficient evidence that he knew that the officers were government officials. It was

daylight, the officers were wearing uniforms or identifying clothes, their cars had police lights on top, two were marked "Sheriff," and two of the cars had their blue lights on as they chased defendant.

Appeal by defendant from judgment entered 22 May 2003 by Judge W. Russell Duke, Jr. in Gates County Superior Court. Heard in the Court of Appeals 15 November 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Ashby T. Ray, for the State.*

*Winifred H. Dillon, Attorney for Defendant-Appellant.*

MARTIN, Chief Judge.

Defendant was convicted by a jury of multiple felony and misdemeanor charges, including four counts of assault with a deadly weapon on a government official. He appeals from judgments entered upon the four convictions of assault with a deadly weapon on a government official.

Evidence at defendant's trial tended to show, *inter alia*, that on 29 August 2002, Gates County Sheriff Ed Webb, along with Deputies Wiggins, Noble and Bunch, and Hertford County Deputy Liverman of the Roanoke/Chowan Narcotics Task Force, went to defendant's home around 6:30 p.m. to execute a search warrant. Defendant was not home at the time, and the search warrant was served on defendant's wife. While the officers were in the yard of the home, defendant drove into the yard. His wife identified him to the officers. Deputy Liverman approached the vehicle with his hands in the air, yelling for defendant to stop. Instead, however, defendant drove around the U-shaped driveway, increased his speed, and headed back towards the road.

Deputy Wiggins was standing in or near the driveway as defendant drove away. Defendant made no attempt to avoid hitting Deputy Wiggins, and as he passed, the side mirror of defendant's vehicle struck the deputy, knocking him "off [his] balance," though he did not fall. Sheriff Webb observed: "[Deputy Wiggins] was right directly in his path. He had to jump behind his patrol car . . . I saw him stumble."

When defendant left the driveway, four of the officers got in three vehicles to pursue him, leaving Deputy Liverman behind to complete

the search. They reached speeds in excess of 100 miles per hour while trying to keep defendant in sight. Sheriff Webb, accompanied by Deputy Noble, was driving the vehicle in front. As they rounded a curve, Sheriff Webb realized that defendant had turned around and was driving back towards the three patrol vehicles in their lane of travel. Sheriff Webb was forced to brake and pull off the road onto the shoulder. Deputy Wiggins, driving the vehicle directly behind Sheriff Webb, was forced to pull into the opposite lane to avoid a head-on collision. Deputy Bunch, driving the third vehicle slightly farther behind, stopped his car and pulled it sideways across one lane of travel hoping to stop the defendant. The other lane of travel was still open. Defendant collided with Deputy Bunch's vehicle and came to a stop on the side of the road in a ditch. The defendant was then taken into custody.

Defendant testified that it was after dark when he drove into his yard and that he saw something jump out at him. He tried to brake, but his brakes did not work so he drove around the yard and back onto the road. He denied that he was speeding or that anyone yelled at him to stop. He testified that he could not avoid hitting Deputy Bunch's vehicle because the deputy backed the vehicle into his path.

---

The defendant makes two arguments on appeal: (1) the trial court committed plain error by not instructing the jury on the lesser offense of misdemeanor assault on a government official, and (2) the trial court erred in denying his motion to dismiss the four charges of assault with a deadly weapon on a government official because there was insufficient evidence that defendant knew or had reason to know the officers were government officials. Defendant's remaining assignments of error are not argued on appeal and are deemed abandoned pursuant to N.C. R. App. P. 28(b)(6).

[1] Defendant first argues the misdemeanor lesser offense of assault on a government official in violation of N.C. Gen. Stat. § 14-33(c)(4) should have been submitted to the jury in addition to the felony of assault with a deadly weapon on a government official in violation of N.C. Gen. Stat. § 14-34.2. The only additional element required for conviction of the felony charge is the use of a deadly weapon.

In *State v. Palmer*, 293 N.C. 633, 239 S.E.2d 406 (1977), our Supreme Court held that the question of "whether simple assault should have been submitted as an alternative verdict depends upon whether the [instrument] was a deadly weapon . . . as a matter of law.

If it was, simple assault need not have been submitted." *Id.* at 642, 239 S.E.2d at 412. The question in the current case, then, is whether or not an automobile driven at a high speed is a deadly weapon as a matter of law. We hold that it is.

In *State v. Smith*, 187 N.C. 469, 121 S.E. 737 (1924), the Court defined a deadly weapon as "[a]ny instrument which is likely to produce death or great bodily harm, under the circumstances of its use." *Id.* at 470, 121 S.E. at 737. The key element in determining whether or not a weapon is deadly per se is the manner of its use:

> The deadly character of the weapon depends sometimes more upon the manner of its use, and the condition of the person assaulted, than upon the intrinsic character of the weapon itself. Where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly . . . is one of law, and the Court must take the responsibility of so declaring. But where it may or may not be likely to produce fatal results, according to the manner of its use . . . its alleged deadly character is one of fact to be determined by the jury.

*Id.* at 470, 121 S.E. at 737. A car sitting idle may not be deadly, but "the manner of its use" by defendant clearly put the officers in danger of death or great bodily harm. The evidence showed that defendant drove his car directly towards Deputy Wiggins who was standing in the driveway, and defendant drove at a high rate of speed directly at the officers' vehicles in their lane of travel. Two cars had to take evasive action to avoid a head-on collision with defendant, and defendant crashed into the third car with the officer in it. The evidence, therefore, leads to "but one conclusion," which is the deadly nature of defendant's use of the car, and we find no error in the trial court's failure to submit the lesser charge of assault on a government official to the jury.

[2] Defendant's second argument is that the trial court erred in denying defendant's motion to dismiss the four charges of assault with a deadly weapon on a government official because there was insufficient evidence that defendant knew or had reason to know the officers were government officials. To withstand a defendant's motion to dismiss criminal charges, the State must offer substantial evidence to show that the defendant committed each element necessary for conviction of the offense charged. *State v. Williams*, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620 (2002). Substantial evidence is evi-

dence which a reasonable mind could conclude to be adequate to support a conclusion. *State v. Carrilo*, 149 N.C. App. 543, 548, 562 S.E.2d 47, 50 (2002).

Deputy Liverman testified to the following: when defendant pulled into the driveway of his home, (1) Deputy Liverman went towards defendant wearing a vest labeled "Sheriff"; (2) his patrol car and at least one other car in the driveway were also marked "Sheriff"; (3) all the cars had police lights on top; (4) the other deputies in the yard were wearing uniforms or identifying clothing; and (5) it was daylight outside. In addition, Sheriff Webb testified that the blue lights on his car and the car behind him were operating while they were in pursuit of defendant. Considering the evidence in the light most favorable to the State as we must, *State v. Carrilo, supra,* we conclude there was substantial evidence to show that defendant knew or had reason to know the officers were law enforcement officers and, therefore, were government officials.

No Error.

Judges McCULLOUGH and STEELMAN concur.