IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-990

Filed 19 September 2023

Mecklenburg County, Nos. 19 CRS 246253, 246257–61

STATE OF NORTH CAROLINA

v.

DE'QUAN LAMONT LYNN, Defendant.

Appeal by Defendant from judgment entered 14 March 2022 by Judge Karen Eady-Williams in Mecklenburg County Superior Court. Heard in the Court of Appeals on 9 August 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Jonathan Richard Marx, for the State.*

*Office of the Public Defender, by Assistant Public Defender Julie Ramseur Lewis, for Defendant-Appellant.*

CARPENTER, Judge.

De'quan Lamont Lynn ("Defendant") appeals from judgment after a jury convicted him of assault with a deadly weapon with intent to kill, discharging a weapon into an occupied building, and four counts of discharging a weapon into a vehicle in operation. On appeal, Defendant argues: (1) the trial court erred by permitting the prosecutor to inform potential jurors that probation was within Defendant's potential sentencing range; (2) the trial court erred by substituting an alternate juror after deliberations began; and (3) he received ineffective assistance of

counsel. After careful review, we disagree. We discern no prejudicial error.

## I.    Factual & Procedural Background

On 9 December 2019, a Mecklenburg County grand jury indicted Defendant for assault with a deadly weapon with intent to kill, discharging a firearm into occupied property, and four counts of discharging a firearm into an occupied vehicle in operation. The State tried the case before a jury in Mecklenburg County Superior Court in March 2022.

During voir dire, the prosecutor informed the potential jurors that a person convicted of four counts of discharging a weapon into an occupied vehicle "could be sentenced up to 17 years in prison," but a person "convicted of all these crimes could also be sentenced to probation." Defense counsel objected on the basis that this was an incorrect statement of the law. After a bench conference, the trial court allowed the prosecutor to proceed with his sentencing-range description.

At trial, evidence tended to show the following: On 2 December 2019 at a Cook Out restaurant located in Charlotte, Defendant had an altercation with other Cook Out patrons. During the altercation, Defendant fired several gunshots, four of which hit a car, and one of which hit the exterior wall of the Cook Out building. Defendant asserted that one of the other Cook Out patrons brandished a gun, but the police failed to find another gun during their investigation, and other witnesses denied the presence of another gun.

Before jury deliberations, the trial court instructed the jury that "if the

defendant reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm to himself or another, such assault would be justified by self-defense." The trial court did not expressly instruct the jury to consider whether other Cook Out patrons possessed weapons. The jury began deliberating on 11 March 2022. On the second day of deliberations, one juror reported that he was ill and would not report for jury duty. The following exchange occurred between the trial court and counsel:

> **Judge**: Essentially, what the Court will do is, I will inform the jury that Juror Number 4 is unable to continue to deliberate with them. And that Juror [N]umber 4 will be replaced with Juror Number–Alternate Number 1. And I will read the instruction from 100.4, which basically indicates that there's an alternate being replaced. They must restart the deliberations from the beginning. They are to disregard entirely any deliberations that have taken place before the alternate was substituted. They are not to be discouraged by the replacement. Then they will resume with deliberations . . . . Any concerns about that before I bring the jury panel in from the State?
> **Prosecutor**: No, your Honor.
> **Judge**: From the defendant?
> **Defense Counsel**: No, your Honor.

The trial court then substituted the alternate juror and instructed the jury to restart deliberations in accordance with N.C. Gen. Stat. § 15A-1215(a) (2021).

On 14 March 2022, the jury found Defendant guilty of assault with a deadly weapon with intent to kill, discharging a weapon into an occupied building, and four counts of discharging a weapon into an occupied vehicle in operation. In open court, both the jury foreman and the other jurors affirmed that the verdicts were

unanimous. The trial court sentenced Defendant to serve between fifty-one and seventy-four months in prison. Defendant orally appealed in open court.

## II.    Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III.    Issues

The issues on appeal are whether: (1) the trial court erred by permitting the prosecutor to inform potential jurors that probation was within Defendant's potential sentencing range; (2) the trial court erred by substituting an alternate juror after deliberations began; and (3) Defendant received ineffective assistance of counsel.

## IV.    Analysis

### A. Voir Dire Statements

In his first argument, Defendant asserts the trial court erred by permitting the prosecutor to inform potential jurors that probation was within Defendant's potential sentencing range, as doing so was improper and misleading. After careful review, we disagree.

We review a trial court's management of jury selection for abuse of discretion. *State v. Lee*, 335 N.C. 244, 268, 439 S.E.2d 547, 559 (1994). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). "'The goal of jury selection is to ensure that a fair and impartial jury is empaneled.'" *State v. Ward*, 354 N.C. 231, 253, 555

S.E.2d 251, 266 (2001) (quoting *State v. Gell*, 351 N.C. 192, 200, 524 S.E.2d 332, 338 (2000)). "To that end, the trial court is vested with broad discretion to regulate the extent and manner of questioning by counsel during [voir dire]." *Id.* at 253, 555 S.E.2d at 266.

Under N.C. Gen. Stat. § 15A-1340.13(g), a probationary sentence is permitted in lieu of active punishment if the court finds: (1) "extraordinary mitigating factors of a kind significantly greater than in the normal case are present"; (2) "[t]hose factors substantially outweigh any factors in aggravation"; and (3) active punishment would be "a manifest injustice." N.C. Gen. Stat. § 15A-1340.13(g) (2021).

The wisdom of discussing probation as a possible sentence is questionable, as a probationary sentence under these facts requires the trial judge to find extraordinary mitigation. Nonetheless, the prosecutor's voir dire statements were technically accurate statements of the law because probation was a possibility under narrow circumstances. *See id.* (allowing probation instead of active punishment if the trial court makes certain findings). Thus, regardless of the likelihood of a probationary sentence, the trial court did not abuse its discretion in allowing the prosecutor to discuss the possibility of probation because doing so was not "manifestly unsupported by reason." *See Hennis,* 323 N.C. at 285, 372 S.E.2d at 527; *Lee,* 335 N.C. at 268, 439 S.E.2d at 559.

**B. Alternate Jurors**

In his second argument, Defendant asserts the trial court erred by substituting an alternate juror after deliberations began. Specifically, Defendant argues the "jury verdict was reached by more than twelve persons," and thus the verdict violates the North Carolina Constitution. Defendant also argues N.C. Gen. Stat. § 15A-1215(a), itself, violates the North Carolina Constitution. After careful consideration, we conclude that Defendant failed to preserve these arguments for appellate review.

A party must timely object to the trial court in order to preserve an issue for appellate review. N.C. R. App. P. 10(a)(1). Generally, constitutional issues not raised in the trial court are abandoned on appeal. *See State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982).

Here, Defendant did not object to the alternate-juror substitution or to the constitutionality of N.C. Gen. Stat. § 15A-1215(a), the statute authorizing the substitution. In fact, when the trial court asked whether there were "[a]ny concerns" regarding the trial court's plan to substitute the alternate juror, Defendant's counsel said "[n]o."

Therefore, Defendant failed to preserve this issue for appellate review under Rule 10. *See* N.C. R. App. P. 10(a)(1); *Hunter*, 305 N.C. at 112, 286 S.E.2d at 539. Accordingly, we dismiss Defendant's arguments because the asserted alternate-juror issues are not properly before this Court.

## C. Ineffective Assistance of Counsel

In his final argument, Defendant claims he received ineffective assistance of counsel for two reasons. First, Defendant asserts his trial counsel should have objected to the trial court's self-defense instruction. Second, Defendant asserts his trial counsel should have requested a jury poll. After careful review, we disagree with Defendant.

To establish ineffective assistance of counsel, a defendant must satisfy a two-part test. *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984)) (analyzing ineffective assistance of counsel under the North Carolina Constitution and adopting the federal test).

First, a defendant must show his counsel's performance was below an objective standard of reasonableness. *Id*. at 562, 324 S.E.2d at 248. Second, the defendant must show he was prejudiced by counsel's error, and there was a reasonable probability of a different result but for counsel's error. *Id*. at 562, 324 S.E.2d at 248. The probability of a different result at trial is "reasonable" if the error undercuts confidence in the result. *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006). There is a strong presumption that an attorney has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695.

1. **Jury Instructions**

To establish ineffective assistance of counsel concerning jury instructions, "the defendant [must] prove that without the requested jury instruction there was plain error in the charge." *State v. Pratt*, 161 N.C. App. 161, 165, 587 S.E.2d 437, 440 (2003). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

A person may use deadly force in self-defense when "[h]e or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another." N.C. Gen. Stat. § 14-51.3(a) (2021).

Here, the trial court instructed the jury that "if the defendant reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm to himself or another, such assault would be justified by self-defense." The trial court did not explicitly direct the jury to consider whether another Cook Out patron possessed a weapon. Defendant has failed to show, however, that the "jury probably would have reached a different result" if the trial court specifically instructed the jury to consider whether other patrons had weapons. *See Jordan*, 333 N.C. at 440, 426 S.E.2d at 697. First, the given instruction tracks closely with the exact language of N.C. Gen. Stat. § 14-51.3(a), which details the statutory requirements of self-defense. *See* N.C. Gen. Stat. § 14-51.3(a)(1). Second, although Defendant contended that another Cook Out patron brandished a gun, the police failed to find another gun during investigation, and other witnesses denied seeing another gun.

- 8 -

Under these circumstances, it is unlikely that the jury would have reached a different verdict had the trial court specifically instructed the jury to consider whether another patron had a weapon. *See Jordan*, 333 N.C. at 440, 426 S.E.2d at 697. Indeed, the trial court instructed the jury to determine "if the defendant reasonably believed that deadly force was necessary." In determining what Defendant reasonably believed, the jury needed to consider competing evidence concerning whether another patron had a weapon. Because the instructed reasonable-belief standard encompassed whether another patron had a weapon, adding a separate, specific instruction to consider whether another patron had a weapon is unlikely to have caused a different result. *See id.* at 440, 426 S.E.2d at 697. Thus, counsel's failure to object to the trial court's instruction was not ineffective assistance of counsel. *See Pratt*, 161 N.C. App. at 165, 587 S.E.2d at 440; *Braswell*, 312 N.C. at 562, 324 S.E.2d at 248.

## 2. Jury Polling

Jury polling is a procedure in which the trial court asks each individual juror to state the jury's verdict. *Davis v. State*, 273 N.C. 533, 541, 160 S.E.2d 697, 703 (1968). The purpose of polling the jury is to "enable the court and the parties to ascertain with certainty that a unanimous verdict has been in fact reached and that no juror has been coerced or induced to agree to a verdict to which he has not fully assented." *State v. Holadia*, 149 N.C. App. 248, 259–60, 561 S.E.2d 514, 522 (2002).

Unless requested, a trial court is not required to poll the jury. *State v. Sturdivant*, 304 N.C. 293, 305, 283 S.E.2d 719, 728 (1981).

Here, Defendant did not request that the jury be polled, so the trial court was not required to do so. *See id.* at 305, 283 S.E.2d at 728. Even if Defendant requested a jury poll, both the jury foreman and the other jurors, as a group, affirmed—in open court—that their verdicts were unanimous. And the record lacks evidence that a juror was "coerced or induced to agree to a verdict to which he [did] not fully assent[]." *See Holadia*, 149 N.C. App. at 259–60, 561 S.E.2d at 522. Thus, because the jury affirmed "with certainty that a unanimous verdict ha[d] been in fact reached," polling each individual juror was unnecessary here. *See id.* at 259–60, 561 S.E.2d at 522. Therefore, failing to request a jury poll was not ineffective assistance of counsel because it did not create a reasonable probability of a different result. *See Braswell*, 312 N.C. at 562, 324 S.E.2d at 248; *Allen*, 360 N.C. at 316, 626 S.E.2d at 286.

## V. Conclusion

In sum, the trial court did not err by permitting the prosecutor to inform potential jurors that probation was within Defendant's sentencing range, and Defendant failed to preserve his arguments concerning the substitution of an alternate juror. Lastly, Defendant did not receive ineffective assistance of counsel. Accordingly, we discern no prejudicial error.

NO PREJUDICIAL ERROR.

Judge TYSON and Judge FLOOD concur.